**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MIRKO ZEPPELLINI, ) <br> ) <br> Defendant. ) | Case No. 2:16-cr-00350-KJD-NJK <br><br> ORDER <br><br> (Docket No. 68) |

Pending before the Court is Defendant Mirko Zeppellini's motion to allow defense expert to analyze him. Docket No. 68. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 68, 70, 71.

On February 17, 2017, due to the Court's observations of Defendant as well as representations made, the Court ordered a mental competency evaluation of Defendant pursuant to 18 U.S.C. §§ 4241 and 4242. Docket No. 23. On May 8, 2017, the Court held a status hearing regarding the forensic evaluation of Defendant. Docket No. 43. At that time, based on the findings in the evaluation, the Court ordered the parties to file a stipulation pursuant to 18 U.S.C. § 4241(d) for the placement of Defendant in a facility for the purpose of determining if he will attain competency. *Id*. On May 12, 2017, the Court granted the parties' stipulation for the placement of Defendant in a facility to determine whether he will attain competency. Docket No. 46.

On November 27, 2017, the Court held a status hearing with the parties. Docket No. 64. At that time, the parties were in receipt of the unofficial copy of Defendant's forensic psychological report. *Id*. On November 29, 2017, the official forensic psychological report was received by the Court. Docket Nos. 65, 66. As a result, the Court ordered the United States to file its *Sell* brief no later than December 20, 2017. Docket No. 67. The Court also ordered a response no later than January 3, 2018, and any reply no

later than January 10, 2018. *Id.*

On December 6, 2017, Defendant filed the instant motion. Docket No. 68. Defendant asks the Court to allow his expert, Dr. Norman Roitman, to review his records, evaluate him, and provide an opinion on the *Sell* factors. *Id.* at 3. Defense counsel has contacted the Bureau of Prisons (BOP) with his request for a video teleconferencing interview between Defendant and Dr. Roitman, but was told that he needed an order from the Court. *Id.* at 4. Further, Defendant submits, Dr. Roitman needs certain documents in order to complete his assessment. *Id.* Finally, Defendant submits that Dr. Roitman needs the BOP facility to provide Defendant a questionnaire to assist with his opinion. *Id.*; *see also* Exhibit A.

In response, the United States submits that it does not oppose an independent examination of Defendant by a "qualified consultant," or a board-certified forensic psychiatrist. Docket No. 70 at 2. The United States further submits that, although Dr. Roitman is a board-certified forensic psychiatrist, he "has not been qualified as an expert in this matter for any purpose." *Id.* at 3. Additionally, the United States opposes Defendant's request for documents as superfluous as all discoverable material "will be disclosed" to Defendant. *Id.* Further, the United States opposes Defendant's request that BOP personnel provide Dr. Roitman's questionnaire to Defendant so that he can complete it. *Id.* The United States submits that doing so would constitute forcing BOP staff to administer the questionnaire on behalf of Dr. Roitman. *Id.* at 4. Finally, the United States opposes Defendant's request that the BOP allow a video teleconference interview with Dr. Roitman. *Id.* at 5. The United States submits that such teleconference would compromise the role in the facility of one of the BOP staff members who would have to be present during the teleconference. *Id.* at 6.

In reply, Defendant submits that Dr. Roitman is a board-certified psychiatrist and has testified as an expert in this Court without objection by the United States. Docket No. 71 at 2-3. Further, Defendant submits that, in order to prepare his response brief, he needs the documents he requested. *Id.* at 3. Defendant additionally submits that the video teleconferencing will save costs and allow Dr. Roitman's interview with Defendant to occur in a quicker manner. *Id.* at 5-6. Defendant notes that the United States presented no policies or judgment of the Warden in support of its argument that the facility cannot comply with this request, and that the facility told his counsel that it would permit the teleconference if ordered to do so by the Court. *Id.* at 6. Finally, Defendant submits that he is asking for the facility to hand him

the questionnaire, and return it to counsel once completed, not administer it. *Id*. at 5-6.

The Court has reviewed Dr. Roitman's qualifications, including his prior expert qualification and his status as a board-certified psychiatrist. The Court finds, therefore, that a hearing under Federal Rule of Evidence 702 is not necessary to determine that he is a qualified consultant. Further, the Court has reviewed Dr. Roitman's questionnaire, and finds nothing objectionable in it. Asking the facility to provide the questionnaire to Defendant so that he can self-complete it at his expert's request, and then returning the completed questionnaire to Defendant's counsel, does not constitute the facility administering the questionnaire.

Accordingly,

IT IS ORDERED that Defendant's motion to allow defense expert to analyze him, Docket No. 68, is hereby GRANTED.

IT IS FURTHER ORDERED that the BOP shall provide Dr. Roitman's questionnaire, Docket No. 68-1, to Defendant, and return the completed questionnaire to Defendant's counsel once Defendant has self-completed it. The BOP does not need to instruct Defendant to complete the questionnaire.

IT IS FURTHER ORDERED that the United States disclose, no later than December 22, 2017, to the defense all documents the BOP evaluators used to form their opinions, including but not limited to all treatment records (MD, nursing, psychologist, social work, testing, typed evaluations, intakes, discharge summaries, 30- and 90-day reviews, medical records for any medical conditions, and prescriptions.

IT IS FURTHER ORDERED that the United States disclose to the defense, no later than December 22, 2017, the BOP's treatment plan, including the kinds of medications and range of dosages the BOP intends to prescribe and the clinical materials that support the BOP's prescription(s).

IT IS FURTHER ORDERED that the BOP cooperate with defense counsel to arrange a video teleconference interview between Defendant and Dr. Roitman.

IT IS SO ORDERED.

DATED: December 18, 2017.

NANCY J. KOPPE
United States Magistrate Judge