RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
BRIAN PUGH
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702)388-6261/Fax
Brian_Pugh@fd.org

Attorneys for Mirko Zeppellini

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00350-KJD-NJK |
| Plaintiff, | |
| v. | **MOTION TO CONTINUE RESPONSE DEADLINE TO GOVERNMENT'S MOTION TO ORDER INVOLUNTARY ADMINISTRATION OF MEDICATION (ECF NO. 74)** |
| MIRKO ZEPPELLINI, | |
| Defendant. | **(First Request)** |

CERTIFICATION: The undersigned attorney hereby certifies that this Motion falls outside the parameters of the "Order Regarding Pretrial Procedure," in effect for this case, and may therefore be filed at any time in the interests of justice.

The Defendant, Mirko Zeppellini, by and through his attorney, Brian Pugh, Assistant Federal Public Defender, moves this Court to extend the deadline for the Defendant's response to the Government's motion (ECF No. 74) that is currently set for Wednesday, January 3, 2018, to Monday, February 19, 2018.  This motion is based upon the following points and authorities:

DATED this 28th day of December 2017.

RENE L. VALLADARES
Federal Public Defender

By: */s/ Brian Pugh*
BRIAN PUGH
Assistant Federal Public Defender

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Relevant Procedural and Factual Background**

On December 8, 2016, Mr. Zeppellini made his initial appearance before the court and was arraigned. ECF No. 5. The court ordered that Mr. Zeppellini be detained. ECF Nos. 5, 11. The court ordered the appointment of the Federal Public Defender to represent Mr. Zeppellini. ECF No. 8. On December 9, 2016, the undersigned filed a notice of appearance. ECF No. 6.

On February 6, 2017, this Court granted a motion to substitute counsel. ECF Nos. 17, 18. On February 14, 2017, substitute counsel moved to withdraw. ECF No. 19. On February 17, 2017, this Court heard substitute counsel's motion to withdraw, granted the motion, and reappointed the Federal Public Defender to represent Mr. Zeppellini. ECF Nos. 21, 22. Based upon this Court's observations at the hearing, this Court ordered that Mr. Zeppellini be transferred to a Bureau of Prisons ("BOP") facility to have him evaluated for competence pursuant to 18 U.S.C. §§ 4241, 4242, and 4247. ECF No. 23. This Court ordered that the evaluation take no more than 45 days. *Id*.

On February 21, 2017, the undersigned filed a notice of appearance. ECF No. 24.

On March 6, 2017, Mr. Zeppellini was transported for his mental competency evaluation. ECF No. 29.

On March 14, 2017, this Court granted BOP's request to extend the 45-day evaluation period to end on April 20, 2017 to account for the delay between this Court's original order (ECF No. 23) and Mr. Zeppellini's arrival at the BOP facility. ECF Nos. 31, 32.

On April 28, 2017, BOP Forensic Psychologist Cynthia A. Low submitted her report concluding that Mr. Zeppellini was not competent to assist in his defense.

On May 8, 2017, this Court convened a status conference and ordered the parties to submit a stipulation regarding the issue of restoring Mr. Zeppellini's competence. ECF No. 43. On May 10, 2017, the parties filed a Stipulation for the Placement of the Defendant in a Facility. ECF No. 45. On May 12, 2017, this Court ordered that Mr. Zeppellini be committed to the custody of the Attorney General for a period of time not to exceed four months to attempt to restore him to competence. ECF

No. 46.

On November 27, 2017, this Court convened a status conference to address the BOP's unofficial forensic psychological report requesting involuntary medication to restore Mr. Zeppellini to competence. ECF No. 64. This Court ordered that once the BOP submitted an official copy of its report, this Court would set a briefing schedule. *Id*.

On November 29, 2017, this Court received an official copy of the BOP's forensic psychological report. ECF No. 66. The official report, other than the addition of a cover letter, was identical to the unofficial report. Also on November 29, 2017, this Court set a briefing schedule regarding the issue of involuntary medicating Mr. Zeppellini. ECF No. 67. The schedule gives the government until December 20, 2017 to file its brief and the defense until January 3, 2018 to file its response. *Id*. The Court will set a hearing date after briefing is completed. *Id*.

On December 6, 2017, the defendant filed a Motion to Allow Defense Expert to Analyze Defendant Mirko Zeppellini. ECF No. 68. On the same date, this Court ordered an expedited schedule for the government's response and the defendant's reply. ECF No. 69. The parties timely filed their response and reply. ECF Nos. 70, 71. On December 18, 2018, this Court granted the defendant's motion. ECF No. 72. This Court included in its Order the following: "IT IS FURTHER ORDERED that the BOP cooperate with defense counsel to arrange a video teleconference interview between Defendant and Dr. Roitman." *Id*. at 3.

On December 19, 2017, the Bureau of Prisons ("BOP") facility demanded that Dr. Roitman conduct his video teleconference ("VTC") interview with Mr. Zeppellini either from the US Attorney's Office ("USAO") or the Court and not from the Federal Public Defender's Office ("FPD"). The defense pointed out to the BOP that this Court's order imposed no such restriction but simply stated "the BOP cooperate with defense counsel." On December 20, 2017, the BOP requested that the FPD contact the BOP on December 26, 2017, regarding the compatibility of their VTC equipment.

On December 21, 2017, Dr. Roitman offered to make himself available for a VTC interview with Mr. Zeppellini on the afternoon of December 27, 2017. Dr. Roitman made himself available

despite his being on vacation on December 21, 2017.

On December 26, 2017, technical support personal from the FPD identified for the BOP several VTC programs, "polycom, skype, cisco jabber, gotomeeting, *etc*," it could use to facilitate the VTC interview between Dr. Roitman and Mr. Zeppellini. On December 27, 2017, the BOP informed the FPD that its equipment was not compatible with any of the FPD's program. The BOP made no effort to find out which programs were included in "etc." The FPD suspects that no matter what program it had the BOP would have said it was incompatible with their equipment. By the time the FPD received word from the BOP that its equipment was not compatible with the FPD's, it was too late to arrange an interview between Dr. Roitman and Mr. Zeppellini through the Court or USAO. Regardless of the technical concerns, the BOP was unable to accommodate Dr. Roitman's afternoon availability because they are in a time zone two hours ahead of Las Vegas and the interview would have gone beyond the time that Mr. Zeppellini would have had to return to his unit.

**II. Request for a 45-day Extension for Mr. Zeppellini to File a Response**.

Dr. Roitman is on vacation through late January. The FPD has scheduled a Roitman-Zeppellini VTC interview with the BOP for January 25, 2018. January 25, 2018 is the first available date that Dr. Roitman has to interview Mr. Zeppellini. January 25, 2018 is well past the January 3, 2018 deadline for the defendant's response. Once Dr. Roitman has interviewed Mr. Zeppellini, he will need time to prepare a report of his findings.

Wherefore, the defendant respectfully requests that this Court extend the deadline for the defendant's response from January 3, 2018 to February 19, 2018 and extend the government's deadline to reply until February 26, 2018.

Respectfully submitted this 28th day of December 2017.

RENE L. VALLADARES
Federal Public Defender

IT IS SO ORDERED.
Dated:  January 2, 2018

By */s/ Brian Pugh*
BRIAN PUGH
Assistant Federal Public Defender

_____
United States Magistrate Judge

4